Van Voorhis, J.
The tenant appeals from an order denying his motion to vacate an award in arbitration proceedings, and from an order confirming the award. The arbitration was conducted in ostensible compliance with section 4 of the Commercial Bent Law (L. 1945, ch. 315, as amd.) which provides, insofar as material, that “ A rent, exceeding in amount the emergency rent, may within the limitations specified by this section, be fixed by arbitration or by the supreme court.”
In this case, the tenant was not in possession of the demised premises on the freeze date nor at any other time. The landlord relet the premises to another, after the tenant had neglected to comply with the lease. The only controversy between these parties relates to the ownership of the deposit made or to be made by the tenant when the lease was signed and, possibly, to some further right of the landlord to damages for breach of the lease. Such consequences are collateral to the question involved on this appeal, which is simply whether the arbitration award should stand.
The space had previously been rented to Walker Motor Sales Co. at $450 per month, making the emergency rent $517.50, or $6,210 per year. The lease between appellant and respondent was signed at about seven o’clock in the evening of September 26, 1947. The landlord had told the tenant, the appellant herein, that he wanted a rental of $6,900 per annum, which was at the rate of $575 per month, and was in excess of the emergency rent. A submission was arranged to an arbitrator selected by the landlord respondent, and who reported that $6,900 was the reasonable rent. This award was made at about three o’clock in the afternoon of the same day upon which the lease was signed, after a hearing of several hours duration.
The tenant appellant contends that this arbitration was sham, and that it was conducted merely in order to present a colorable compliance with the Commercial Bent Law in order to validate a rental by agreement in excess of the emergency rent.
*160 It is unnecessary to determine the merits of this contention, for the reason that no contractual relationship existed between appellant and respondent at the time when this alleged arbitration was conducted. Appellant had not previously been a tenant of respondent at this location, and the record manifests that the parties had no intention of making a binding agreement to enter into the landlord and tenant relationship until after they became apprised of what the arbitrator’s award would be, and that it would be confirmed by the Supreme Court. So much importance did they ascribe to the latter point, that they wrote into the lease, signed four hours later, a specific condition that “ If said award is not confirmed within 20 days from date hereof, this lease shall be of no force and effect and the parties hereto released of liability hereunder upon the return to the Tenant of all sums of money this day paid. ’ ’
Apparently endeavoring to refute the tenant’s present contention that this arbitration was sham, the landlord respondent has made affidavit that the terms of the lease were not considered until the arbitration had been completed and the award made. In other words the arbitrator, in arriving at a reasonable rent, could not have taken into account such matters as whether the landlord or tenant would be obligated to make repairs, what services were to be supplied to the tenant by the landlord during the term of the lease, and other factors bearing upon what should be the rental to be paid. It appears from the tenant appellant’s reply affidavit, that the lease which was signed imposed certain obligations upon the tenant to which the former tenant was not subjected, including the making of all repairs to the inside ,and outside of the demised portions of the building, the furnishing of heat to the entire building, and providing liability insurance in the name of the landlord.
Inability of the arbitrator to know what obligations aside from the payment of rent would be imposed upon landlord and tenant respectively, illustrates the reason on account of which the Legislature undoubtedly intended that a rent in excess of the emergency rent could be determined by the Supreme Court or by submission to arbitration under section 4, only where the parties are already landlord and tenant, or are under binding contract to enter into that relationship. The statute does not contemplate that the landlord shall arbitrate the reasonable rent with a stranger, who has not been and may never become a tenant of the premises involved. We do not have before us the situation which would exist if a landlord had entered into a contract for a lease under stated terms and conditions, taking.effect in any *161 event at the emergency rent or at such greater rent as might be determined to be the reasonable rent by the Supreme Court or by arbitration.
Inasmuch as the award of the arbitrator is, in this instance, a nullity for the reasons that have been stated, it should be expunged, and the orders appealed from confirming the award and denying appellant’s motion to vacate it, should be reversed and the award vacated and annulled, with costs to the appellant.
Peck, P. J., Glennon, Callahan and Shientag, JJ., concur.
Inasmuch as the award of the arbitrator is, in this instance, a nullity for the reasons stated in opinion, it is expunged, and the orders appealed from confirming the award and denying appellant’s motion to vacate it, unanimously reversed and the award vacated and annulled, with costs to the appellant. Settle order on notice.